ATLANTIC MUT. INS. CO. v. PENINSULAR & O. S. S. CO.†

(Circuit Court of Appeals, Third Circuit. December 12, 1911.)

No. 45 (1,504).

Appeal from the District Court of the United States for the Eastern District of Pennsylvania.

Suit in admiralty by the Peninsular & Occidental Steamship Company against the Atlantic Mutual Insurance Company. Decree (185 Fed. 172) for libelant, and respondent appeals. Affirmed.

Theodore M. Etting, for appellant.

Francis S. Laws (Lewis, Adler & Laws, on the brief), for appellee.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

GRAY, Circuit Judge. This is an appeal from a decree of the District Court of the United States for the Eastern District of Pennsylvania. 185 Fed. 172. The suit was a libel in admiralty by the Peninsular and Occidental Steamship Company, the appellee, against the Atlantic Mutual Insurance Company, the appellant, to recover $2,704.80, with interest and costs, as the amount alleged to be due under two policies of marine insurance upon the steamship "Florida," owned by the libelant. In its answer, the respondent denied any liability whatever under the terms of its two policies, or, if liable at all, only in the amount of one-fifth of $1,932.00.

One of the two policies in suit is stated in the libel to have been issued on the 2d day of May, 1902, by the appellant, as a policy of marine insurance for $20,000.00, against loss, inter alia, by perils of the sea, fires, enemies, etc., upon the steamship "Florida," her body, tackle, apparel, etc. The other policy in suit was a policy of the same character, issued on the 6th day of May, 1902, by the appellant, and in all respects similar to the former one. On the same 6th day of

† Rehearing denied.

May, 1902, policies of marine insurance were issued by three other companies upon the same vessel, payable to the libelant, aggregating in the amount insured, $20,000.00. In each of these policies, the vessel was valued at $50,000.00, and the total amount of insurance on the five policies taken out on the said 2d and 6th days of May, was $50,-000.00. The libel also states that at these dates, there was prior insurance on the said vessel, as follows:

On the 9th day of July, 1901, the Federal Insurance Company issued to the libelant an unvalued policy of marine insurance, insuring libelant to the extent of $40,000.00, upon the same ship "Florida," her tackle, apparel, etc., against loss by fire occurring between the 12th day of July, 1901, and the 13th day of July, 1902; that the steamship was at the date of issuance of said policy, and at the date of the loss thereinafter mentioned, of the actual value of $75,000.00. All these policies contained the so-called "American Clause," in regard to prior and subsequent insurance. The questions in regard to the liability of the respondent-appellant on this libel, are stated and disposed of by the court below. See 185 Fed. 172.

This being a clear case of double insurance, the libelant under the policies as stated was entitled to full indemnity for any loss, total or partial. As argued by the counsel for the appellee, if there had been no prior insurance, the appellant and the other simultaneous insurers would have been liable for the entire loss of $9,960, because the aggregate of their policies was $50,000 upon a valuation of that amount. There being prior insurance, however, the inquiry is made, first, did the owner have any interest in the vessel insured not covered by the prior insurers? and second, what was the amount of recovery obtained from the first insurer? Unquestionably, there was an uninsured interest, amounting to $35,000, estimated on the valuation of $75,000, and this was fully covered by the subsequent insurance, as the aggregate amount insured of $50,000 exceeded this uncovered interest under the prior policy; the aggregate valuation of $50,000 on the subsequent policies being given full force by limiting the total recovery which assured could obtain from all the policies to that amount. If the appellant's contentions were correct, it would lead to the absurd conclusion that, without prior insurance, the appellee would recover in full from the appellant and other subsequent insurers, but because it has prior insurance, it is less protected than if it were without it.

It is unnecessary to add anything to the clear statement made by the learned judge of the court below, as to the law of marine insurance applicable to the policies here in suit, which we adopt as the opinion of this court.

The decree of the court below is hereby affirmed.